IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:   4:08cr29/RS/GRJ
                                                        4:12cv340/RS/GRJ

CUSTODIO GUERRA

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law.

(Doc. 659.)  The Government has filed a response to some of Defendant's claims[1]

(Doc. 690) and Defendant has filed a reply. (Doc. 692.)  After a careful review of the

record and the arguments presented, the Court concludes that Defendant has not

raised any issue requiring an evidentiary hearing and that the § 2255 motion should be

denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in two counts of a four count third superseding

indictment with conspiracy to distribute and possess with intent to distribute fifty grams

of actual methamphetamine and five hundred grams of a mixture and substance

containing methamphetamine ("Count One") and distribution of more than fifty grams of

actual methamphetamine on a date certain ("Count Two").  (Doc. 255.)  The offense

conduct involved a crystal methamphetamine ("ice") distribution ring in and around

_____

[1]The Government's response fails to address six issues that are separately
identified sub-parts to Defendant's motion.

Madison County Florida, supplied by Defendant and his brother, co-defendant Celso Guerra.   The DEA investigation of these activities, which began in 2005, involved the use of numerous confidential sources and undercover operations resulting in multiple controlled purchases of purported "ice" from local traffickers as well as large purchases from the Guerra brothers.

On January 30, 2007, Defendant sold undercover DEA agent Kevin Whittle approximately five ounces of "ice" for an agreed-upon price of $6,000.00.  There were additional purchases between Defendant and Whittle during the time frame alleged in the indictment.  SA Whittle also purchased a Ruger rifle from Defendant, who advised the agent that he could provide additional firearms and encouraged Whittle to purchase weapons to ensure his safety while buying and selling methamphetamine.

In March of 2007, undercover agent Whittle began dealing directly with Defendant's brother, Celso Guerre, as a result of Defendant's unreliability in showing up for planned meetings.  The agent purchased $7,900.00 worth of "ice" from Celso Guerra and Ignacio Avianeda-Aguirre on one occasion.

During the course of the investigation, several cooperating sources provided information regarding the trafficking activities of the Guerra brothers, and specifically identified Defendant, who has only one eye.  (*See* Doc. 339.)

On March 12, 2009, represented by appointed counsel Barbara Sanders and assisted by a sworn interpreter, Defendant entered a plea of guilty before Magistrate Judge William Sherrill, Jr.  (Docs. 338–342, 345.)

Defendant's conflict with his court-appointed attorney began shortly thereafter. Ten days after entering his guilty plea, Defendant filed two motions to dismiss his attorney and have new counsel appointed for him, alleging that counsel had failed to file certain pre-trial motions including a motion for a speedy trial or to investigate adequately his case.  (Docs. 368, 370).  In September of 2009, Defendant filed another motion requesting permission to proceed *pro se* in this matter alleging that his attorney was not acting in his best interests, had disclosed privileged information in court without his consent, and had failed to present certain necessary pretrial motions.  (Doc. 450.) In October of 2009, Defendant filed a motion requesting that the court appoint Spanish-speaking counsel.  (Doc. 464.)  In November of 2009 he filed a (*pro se*) motion to withdraw his guilty plea and proceed *pro se* (Doc. 465), and shortly thereafter counsel filed her own motion to withdraw.  (Doc. 468.)  The court granted counsel's motion after a hearing and CJA attorney Teri Lois Donaldson was appointed to represent Defendant.  (Doc. 488.)

The Presentence Investigation Report ("PSR") calculated Defendant's base offense level at 34 and added two, two-level adjustments for Defendant's possession of a firearm and for his role in the offense.  (Doc. 542, PSR at ¶¶ 62, 63, 65.)  After a three level downward adjustment for acceptance of responsibility, Defendant's total offense level was 35.  (*Id*. at ¶¶ 68, 69.)  Defendant had a criminal history category of IV and the corresponding advisory guidelines range was 235 to 293 months.  (*Id*. at ¶¶ 80–82, 100.)  Defendant, through his original attorney Ms. Sanders, objected to the quantity of drugs attributed to him, the role adjustment, the firearm adjustment, and one of the

criminal history points.  (*Id.* at ¶¶ 123–135; doc. 461.)  Counsel also objected generally that Defendant's criminal history category overrepresented the true nature of Defendant's criminal history, which was comprised of minor offenses.  (Doc. 461 at 4.)  The Government objected to the award of credit for acceptance of responsibility, noting that Defendant had failed to debrief with law enforcement and that he was challenging the drug weight attributed to him.  (Doc. 542 at ¶¶ 119–122.)

At sentencing, the Government presented the testimony of DEA Agent Kevin Whittle as it pertained to Defendant's objections, and Defendant personally addressed the court.  (Doc. 556 at 4–28.)  After hearing from the parties, the court overruled Defendant's four objections as well as the Government's objection to credit given for acceptance of responsibility.  (*Id.* at 33–34.)  The Court sentenced Defendant to a term of 235 months imprisonment on each count, which was at the bottom of the applicable guidelines range.  (Doc. 533.)

 On appeal, Defendant contended that the district court erred by applying a two level role enhancement and by holding him responsible for 1.5 kilograms of methamphetamine based on Special Agent Whittle's testimony at sentencing. He also argued that his sentence was substantively unreasonable.  The Eleventh Circuit rejected each of these arguments in turn and affirmed Defendant's sentence. (Doc. 625.)

In the present motion, Defendant separates his claims into three grounds for relief, one of which contains five sub-parts.  The Government opposes the motion in its entirety.

# LEGAL ANALYSIS

## *General Standard of Review*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States,* 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343

(quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998);  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland's* two part test also applies to guilty pleas. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id* at 1384–85 (quoting <u>Hill</u>, 474 U.S. at 59). A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice. *Pericles v. United States*, 567 F. App'x 776, 2014 WL 2198514 at *5 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome,* 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be

substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011)

(quoting *Strickland*).  For the court to focus merely on "outcome determination,"

however, is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the defendant a

windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364,

369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).

A defendant therefore must establish "that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S.

at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing

errors, a defendant must demonstrate that there is a reasonable probability that, but for

counsel's errors, the result of the proceeding would have been less harsh due to a

reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198,

203–04 (2001).  A significant increase in sentence is not required to establish prejudice,

as "any amount of actual jail time has Sixth Amendment significance."  *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for

his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401,

1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are

insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697

F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807

(11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v.

United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551,

1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.  This is because the

test is not what the best lawyers would have done or even what most good lawyers

would have done, but rather whether some reasonable lawyer could have acted in the

circumstances as defense counsel acted.  *Dingle*, 480 F.3d at 1099; *Williamson v.

Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to

have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'"  *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d

1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether

counsel was inadequate, but rather whether counsel's performance was so manifestly

ineffective that "defeat was snatched from the hands of probable victory."  *United States

v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing

"unless the motion and files and records conclusively show that the prisoner is entitled

to no relief," a defendant must support his allegations with at least a proffer of some

credible supporting evidence.  *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th

Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring

to "our clear precedent establishing that such allegations are not enough to warrant an

evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell,* 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

### Ground One

Defendant's first ground for relief is that counsel was constitutionally ineffective. He sub-divides his claim into five grounds, relating to the performance of both trial and appellate counsel.[2]

First, Defendant contends that counsel's failure to object to the Government's motions to continue sentencing was deficient performance because the "excessive" motions for continuance violated his due process rights.  Defendant entered a guilty plea on March 12, 2009 and he was not sentenced until April 19, 2010.  He claims that this 13 month delay resulted in the loss of at least 54 days of good time credit from the Federal Bureau of Prisons, which constitutes prejudice.  Even if the court were to

---

[2]The Government's response addresses only the first of the five ineffective assistance of counsel claims.

accept Defendant's argument that the speculative loss of good time credit was sufficient to show prejudice, Defendant has failed to establish that either of his attorneys' performance was below an objective and reasonable norm, as required by *Strickland*.

After Defendant entered his guilty plea, his attorney, Ms. Sanders, moved for a continuance because she was going to be out of town for the month of July.  (Doc. 388.)  Sentencing was rescheduled for August, following which the Government moved for a continuance as Eric Mountin, the prosecuting AUSA, was scheduled to be out of town at that time.  (Doc. 408.)  Sentencing was reset for October 19, 2009.  Defense counsel filed objections to the PSR one week before that date.  The Government moved for a continuance due to a conflict between another federal trial and Defendant's sentencing, noting that the Government would need to present testimony due to the recently filed, (late-filed) objections, and that it would be best to have the prosecuting AUSA present for sentencing in light of his familiarity with the case.  (Doc. 462.) Sentencing was reset for November 16, 2009.  In lieu of sentencing on that date, the court held a hearing at which it considered Defendant's motions to withdraw his guilty plea, to proceed *pro se*, to appoint Spanish-speaking counsel, and counsel's motion to withdraw due to conflicts with her client.  (Docs.  464, 465, 468, 488.)  Sentencing was reset for January 19, 2010, to afford Defendant's new attorney adequate time to prepare.  (Doc. 488.)  Defense counsel moved for a sixty-day continuance due to her inability to meet with her Spanish-speaking client, and later for another continuance due to a family medical matter.  (Docs. 505, 515.)  Sentencing was ultimately conducted in April of 2010.

In sum, the majority of the delay in this case was a result of defense motions for continuances.  There was no basis for either of Defendant's attorneys to object to the Government's motions to continue, one of which was based on counsel being unavailable for a brief period, and the other of which was a result of a conflict with another federal trial and the Government's need to deal with the late-filed defense objections.  Absent a viable basis for counsel to object to the Government's requests for a continuance, it is a virtual certainty that any such opposition would have been overruled.  Therefore, Defendant has not shown that counsel's performance was constitutionally deficient, and he is not entitled to relief.

Second, Defendant asserts that defense counsel failed to investigate, conduct legal research and present mitigating factors in reference to the disparity in sentencing among the co-defendants.  The Government failed to address this claim in its response. The Government's failure to address this claim does not mean that Defendant has established he is entitled to relief.

Defendant's assertion that he is similarly situated to co-defendants Jerry Sapp and Terry Patrick Turner and that his sentence was "disparate" is unsupported.[3] Sentencing is conducted on an individualized basis.  The court takes many factors into account at sentencing in addition to the offense conduct, including an individual's role in an offense, the individual's prior criminal history, any efforts at cooperating with the Government and myriad other factors identified in the U.S. Sentencing Guidelines.  It is clear from the facts set forth in Defendant's own PSR that co-defendants Sapp and

---

[3] Sapp received a 75 month sentence, while Turner's sentence was 188 months.

Turner were not equally culpable.  Furthermore, after this court's review of the record, including the PSRs for these two individuals (Docs. 511, 528), it is evident that they were not "similarly situated" to Defendant Guerra.  As such, regardless of what Defendant may perceive as a disparate sentence, there was no viable basis for counsel to lodge a meritorious objection regarding sentencing disparity.  Counsel is not constitutionally ineffective for her failure to make a frivolous objection.  *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);  *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue). Defendant is not entitled to relief.

Third, Defendant contends that his sentence was procedurally unreasonable under *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Gall*, 552 U.S. 38 (2007).  Defendant appears to suggest that either the district court did not correctly calculate the advisory guidelines range or that the Court did not consider the § 3553 factors in determining a reasonable sentence.  Contrary to Defendant's assertion, the district court stated on the record that it had "considered the factors set out in 18 U.S.C. § 3553(a), including the advisory guidelines and the policy statement issued by the Sentencing Commission" and the court expressly recognized that the guidelines were not binding and had tailored the sentence "to take into account the facts and circumstances surrounding this particular case."  (Doc. 556 at 35.)  Defendant's assertion to the contrary is frivolous. Counsel was not constitutionally ineffective and Defendant is not entitled to relief on this claim.

Defendant next contends that counsel was constitutionally ineffective because she failed to object to the Government's alleged breach of the plea agreement. Defendant's plea agreement contains standard language stating that the United States Attorney agrees not to recommend a specific sentence.  (Doc. 340 at 3.)  In the same paragraph, the Government reserves the right to advise the district court of its version of the circumstances surrounding the commission of the offense and to "present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in title 18 United States Code, § 3553(a)." (*Id*.).  The conduct which Defendant now complains— the Government's presentation of argument regarding the proper calculation of and application of the guidelines— is

squarely included in this reservation of rights.  The Government's expression of its

position with respect to the application of a particular guidelines enhancement does not

constitute "recommendation of a specific sentence."  The cases cited by Defendant are

inapposite.  In one case, the language of the plea agreement was vastly different from

this case, as the Government's promise was more broadly framed that it would  "make

no recommendation" as to the defendant's sentence.  *See United States v. Goldfaden*,

959 F.2d 1324 (5th Cir. 1992).  In another case cited by Defendant, the Government

recommended a specific and limited numerical range as an appropriate sentence.

*United States v. Hayes*, 946 F.2d 230 (3d Cir. 1991) (Government's recommendation of

a 57-60 months sentence, in contravention of its promise to "make no recommendation

as to the specific sentence," was, under the circumstances of that case, a breach of the

agreement).  In this case the Government never recommended a specific sentence,

and its conduct was well within the reservation of rights in the plea agreement.

Therefore, counsel was not constitutionally ineffective for her failure to make a meritless

objection.

Defendant's fifth argument is that appellate counsel was constitutionally

ineffective for failing to raise certain issues on appeal.  To prevail on a claim for

ineffective assistance of appellate counsel, a defendant must show that (1) appellate

counsel's performance was deficient, and (2) but for counsel's deficient performance he

would have prevailed on appeal.  *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304,

1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009)

(holding that claims for ineffective assistance of appellate counsel are governed by the

same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668,

687 (1984)). Counsel is clearly not ineffective for failing to raise a meritless issue on

appeal.  *Shere*, 537 F.3d at 1311; *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir.1989)

("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to

pursue them.").  For the reasons discussed above, the claims Defendant now asserts

that counsel should have raised— the Government's breach of the pleas agreement

and the procedural unreasonableness of his sentence—are without merit and,

therefore, counsel's failure to raise these two issues was not constitutionally deficient.

Defendant is not entitled to relief.

### Ground Two

Defendant claims that he is currently serving an illegal sentence because the

district court did not have authority to correct his sentence after the notice of appeal

was filed.  During the sentencing proceeding, the district court orally imposed a four

year term of supervised release following Defendant's release from imprisonment.

(Doc. 556 at 36; doc. 529.)  After the notice of appeal was filed, but before the written

judgment was entered, the court entered an Order Correcting Sentence in which it

noted that a five year term of supervised release was required by statute, and thus the

imposition of a four year term was clear error.  (Doc. 532.)  In accordance with Federal

Rule of Criminal Procedure 35(a), the Court corrected Defendant's sentence to comply

with the statute, and directed the clerk to include the correction in the written judgment.

(*Id*.)  Defendant now asserts that the court lacked jurisdiction to make this correction

because the notice of appeal had been filed already.  (Doc. 530.)

Defendant's substantive claim that the court had no authority to correct the erroneous sentence is procedurally barred as it could have been raised on appeal. *Lynn*, 365 F.3d at 1234–35; *Bousley*, 523 U.S. at 621; *McKay*, 657 F.3d at 1195. To the extent Defendant's argument might be construed as incorporating an ineffective assistance of counsel claim, he cannot show prejudice. Even if counsel had raised this issue on appeal, a remand would have had the same result as there was no basis for relief from the statutorily mandated term of supervised release. Defendant therefore is not entitled to relief.

### Ground Three

Defendant's final ground for relief is a three-part claim challenging his guilty plea. First, he asserts that he was coerced into entering a guilty plea by then-counsel Barbara Sanders. He asserts that there was no factual basis for the charge in Count Two, possession with intent to distribute, as he "did not have any idea that the package [he] gave to the undercover agent obtained [sic] methamphetamine." (Doc. 659 at 4.)

Defendant's allegations of coercion are unsupported. His only suggestion as to the basis for the coercion is counsel's statement to him that he had to admit knowledge of the contents of the package containing a quantity of methamphetamine as charged in Count Two or the court would not accept his guilty plea.

An allegation of a coerced plea, supported by a factual allegation, can support a §2255 motion. *See Fontaine v. United States*, 411 U.S. 213, 214–15 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge

accepting the plea constitute a formidable barrier in any subsequent collateral

proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v.*

*United States*, 767 F.3d 1210 (11th Cir. 2014) (citing *Blackledge*).    Solemn

declarations made under oath in open court carry a strong presumption of verity.

*Blackledge*, 431 U.S. at 73–74; *Connolly v. United States*, 568 F. App'x 770, 771 (11th

Cir. 2014) (citing *Blackledge*); *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1349 (11th Cir.

2010) (citing *Blackledge*).   They are presumptively trustworthy and are considered

conclusive absent compelling evidence showing otherwise; the subsequent

presentation of conclusory and contradictory allegations does not suffice.  *Blackledge*,

431 U.S. at 73–74; *Winthrop-Redin*, 767 F.3d at 1216.   In fact, such allegations are

subject to summary dismissal.  *Winthrop-Redin,* 767 F.3d at 1216 (citing *Blackledge*,

431 U.S. at 74).  A defendant "bears a heavy burden to show his statements [under

oath] were false."  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United*

*States v. Green*, 275 F. App'x 941 (11th Cir. 2008); *United States v. Cardenas*, 230 F.

App'x. 933 (11th Cir. 2007).  "[I]f the Rule 11 plea taking procedure is careful and

detailed, the defendant will not later be heard to contend that he swore falsely."  *United*

*States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v.*

*Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

        Defendant's allegations and the affidavit he submits in support of his claim (Doc.

659 at 10–12) are conclusory.  Defendant repeatedly states that he was "coerced" into

entering a guilty plea, but offers no information about the nature of the alleged coercion,

or the means by which it was carried out.  Notably, Defendant's conclusional allegations

of coercion are contradicted by the record.  Defendant told the court, under oath, that no one had used any threats or force upon him or anyone he cared about in order to make him plead guilty, that he had been afforded adequate time to discuss his case with counsel and that he was satisfied with her representation of him.  (Doc. 337 at 21–23.)  Counsel's affidavit, submitted in conjunction with the Government's response, also supports a finding that Defendant's plea was knowing and voluntary.  (Doc. 690 at 26–27.)

As the second part of this claim, Defendant asserts that he entered his guilty plea without having been advised of all the direct consequences thereof.  Specifically, he claims that the magistrate judge who presided over the plea proceeding failed to advise him of the mandatory minimum ten year sentence.  The record reflects that Defendant is mistaken, as he was so advised both by the Court and by the terms of the written plea agreement, which he admitted had been read to him in Spanish.  (*See* Doc. 559 at 16, 20; doc. 340 at 1.)  Furthermore, he acknowledged to the Court at the change of plea hearing that he was aware of the penalties he faced.  (Doc. 559 at 17.)

Finally, Defendant contends that there was an insufficient factual basis to support a guilty plea to Count One of the third superseding indictment despite his admissions during the plea colloquy.

Defendant is correct that he may challenge the sufficiency of the factual basis for a guilty plea.  However, such a claim is not cognizable on collateral review, as it was available to him on direct appeal.  *See, e.g., United States v. Owen*, 858 F.2d 114 (11th Cir. 1988). Therefore, because Defendant did not raise the claim on direct appeal, the

claim is procedurally barred.  *Lynn*, 365 F.3d at 1234–35; *Bousley*, 523 U.S. at 621;

*McKay*, 657 F.3d at 1195; *see also Saldrriaga-Palacio v. United States*, Case Nos.

8:04-cr-81-T-17-MAP, 8:07-cv-1227-T-17-MAP, 2008 WL 686940 (M.D. Fla. Mar. 12,

2008).

    Defendant's claim also is substantively without merit.  Before entering judgment

on a guilty plea, the district court must first "determine that there is a factual basis for

the plea." Fed. R. Crim. P. 11(b)(3). "The standard for evaluating challenges to the

factual basis for a guilty plea is whether the trial court was presented with evidence

from which it could reasonably find that the defendant was guilty." *United States v.*

*Heard*, 561 F. App'x 873, 875 (11th Cir. 2014) (quoting *United States v. Frye*, 402 F.3d

1123, 1128 (11th Cir. 2005) (quotations omitted)). There need not be uncontroverted

evidence of guilt; instead, reasonable support is enough. *Heard*, 561 F. App'x at

875–876 (citing *Owen*, 858 F.2d at 1516–17).  To establish Defendant's guilt of

conspiracy, the Government must show that (1) an illegal agreement existed; (2)

Defendant knew of it; and (3) Defendant, with knowledge, voluntarily joined it. *See*

*United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir.2005).  The Statement of

Facts, Defendant's admissions during the plea colloquy, the facts set forth in the PSR,

and the testimony adduced at sentencing provide an adequate factual basis to support

Defendant's guilty plea.  Even if this claim were not procedurally barred, he would not

be entitled to relief.

## CONCLUSION

For all of the foregoing reasons, the court concludes that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (Doc. 659) should be

**DENIED**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of March, 2015.


_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**